STATE BOARD OF TAX APPEALS.

BLANCHARD LUMBER CO., PETITIONER, v. CITY OF NEWARK, RESPONDENT.

Decided December 19, 1939.

For the petitioner, *Samuel S. Ferster.*

For the respondent, *James F. X. O'Brien* (by *Raymond Schroeder*).

QUINN, President. Petitioner was assessed for personal property taxes for the year 1936 in the sum of $40,000 by the respondent taxing district. The only property owned by it and there situate for the year in question was lumber stored on the premises of the Seaboard Terminal Warehouse, a firm engaged in the business of storing goods for hire. An application for exemption of the property from taxation, based upon *Pamph. L.* 1925, *ch.* 221 (*R. S.* 54:4-3.20), was denied by the Essex County Board of Taxation. The courts of this state have, however, held that such property is exempt from taxation under the act cited. *Halligan and McLellan, Inc.,* v. *State Board of Tax Appeals (Supreme Court,* 1939), 122 *N. J. L.* 551; 6 *Atl. Rep.* (*2d*) 668.

But respondent resists the petitioner's claim upon the ground that petitioner failed to file the statutory sworn claim for exemption requisite under *Pamph. L.* 1918, *ch.* 236, § 303 (*R. S.* 54:4-15). In this connection petitioner produced at the hearing as a witness Mr. Perry Kaplan, an attorney-at-law, who testified that he personally prepared the sworn claim and handed same to Mr. Fitzsimmons, clerk in charge of the Newark Board of Assessments and Taxation. While counsel for the city stated at the hearing that there was no record of such filing, no testimony was offered to controvert the evidence given on behalf of petitioner. In this posture of the proofs, we must give full weight and credence to the testimony of petitioner's witness and find as a fact that the claim for exemption was made and filed in due course.

The judgment of the Essex County Board is reversed, and the assessment ordered canceled for the year in question.